The Honorable ________________

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEDI CORP.,<br><br>Plaintiff,<br>v.<br><br>BRIAN WRIGHT, SOUND PRODUCT SALES L.L.C., and HYDRO-BLOK USA LLC,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff wedi Corp. ("Plaintiff" or "wedi") brings this Complaint for Damages and Injunctive Relief against Defendants Brian Wright ("Wright"), Sound Product Sales L.L.C. ("Sound Product"), and Hydro-Blok USA LLC ("Hydro-Blok USA") (collectively, "Defendants"), and alleges as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff's claims against Defendants herein arise from Defendants' concerted actions and agreement with others to, *inter alia*, cause Wright (a former sales agent for Plaintiff) to breach his contract with, and fiduciary duties to, Plaintiff while employed by Plaintiff and to engage in a marketing and sales campaign in this State, and elsewhere, employing false claims about Defendants' products while disparaging the products of Plaintiff. Plaintiff seeks damages against Defendants caused by their wrongful conduct and requests the Court to issue an

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

injunction restraining and prohibiting Defendants from further engaging in their unlawful activities.

**THE PARTIES**

2. Plaintiff wedi Corp. is an Illinois corporation with its principal place of business located in Carol Stream, Illinois. Among its activities, wedi distributes sealants and construction materials for use in bathroom systems throughout the United States and elsewhere.

3. Upon information and belief, Defendant Brian Wright is a resident of Washington whose home address is 13433 228th Street Southeast, Snohomish, Washington 98296. From 2008 to September 1, 2014, Wright was a sales agent for wedi.

4. Upon information and belief, Defendant Sound Product Sales L.L.C. ("Sound Product") is a Washington limited liability company with its principal place of business at 6029 238th Street, Suite 100, Woodinville, Washington 98072. Upon information and belief, Sound Product is controlled by Wright, its Member and Manager.

5. Upon information and belief, Defendant Hydro-Blok USA LLC is a Washington limited liability company with its principal place of business at Wright's home address at 13433 228th Street Southeast, Snohomish, Washington 98296. Wright controls Hydro-Blok USA and acts as its Manager, and his wife, Cara Wright, is its registered agent in Washington. Upon information and belief, Wright's wife also owns Hydro-Blok USA and Sound Product.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1332(a) because Plaintiff asserts claims under section 43(a) of the Lanham Act, 15 U.S.C. §1125, and because this action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs. This Court has subject matter jurisdiction over wedi's state law claims pursuant to the principals of pendant jurisdiction under 28 U.S.C. §1367(a).

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

7. Venue is appropriate under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred within the Western District of Washington and Defendants reside here.

**FACTUAL BACKGROUND**

8. Among the products distributed by wedi is a composite board product (the "wedi Building Panels" or the "wedi Product"), which is used in the building and renovation industry for such applications as the construction of waterproof shower systems or other walls on which tile or stone may be affixed. The wedi Product is sold worldwide and is manufactured by wedi's parent company in Germany, wedi GmbH.

9. The wedi Product consists of a 100% waterproof blue core made from CFC-free extruded polystyrene rigid foam covered on both sides with a layer of cement resin (mortar) with an embedded reinforcement. As described in wedi's Technical Handbook:

> wedi® Building Panels are so much more than a component for building and offer endless installation capabilities. Available in a wide variety of thicknesses and sizes, they are compatible with virtually any substructure. wedi Building Panels are lightweight, waterproof and dimensionally stable, making them fast and simple to work with. The blue waterproof core is CFC-free, made from extruded polystyrene foam, reinforced with fiberglass on both sides, and coated with synthetic polymer resin mortar. The wedi Building Panel combines the benefits of the latest manufacturing technology and material quality offered with sound and traditional benefits our trades enjoy. wedi Building Panels are waterproof, lightweight, easy and clean to cut and still incredibly strong and bond friendly for any type of thinset mortar application.

10. Wedi first employed Defendant Wright as exclusive agent and Regional Sales Manager pursuant to an Agency Agreement dated June 1, 2008, to sell and promote wedi products in fourteen western States, including California, Washington, Oregon, and Idaho. Effective January 1, 2013, the parties executed a new Agency Agreement (the "Agreement"), a copy of which is attached hereto as Exhibit 1.

11. Pursuant to the Agreement, wedi appointed Wright (doing business under his company, Sound Product), as wedi's exclusive agent ("Agent") to solicit orders for wedi

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

products ("Products") in the territory consisting of Washington, Oregon, Idaho, Hawaii, and British Columbia (the "Territory"). Ex. 1, 1(a), Exhibit B. Wright accepted such appointment and "agree[d] to sell and promote the Products within wedi's Tile, Building Materials, Plumbing, Flooring Distribution Market Distribution." *Id.*, 1(b). Wright's compensation was in the form of commissions on sales to distributors assigned to Wright in the Territory and procured by him. *Id.*, 2(a)-(c).

12. Wright's responsibilities as Agent under the Agreement included, among other things:

> (a) The Agent shall use their best efforts to promote the sale of wedi's products in the Territory, establish and maintain contacts with wedi customers in the Territory, visit such customers on a regular basis, and participate in trade shows and seminars per request by wedi.
>
> (b) The Agent's sales activities shall be strictly in accordance with wedi's requirements, instructions and sales practices. The Agent shall quote only prices in accordance with wedi's price quotations and terms previously approved by wedi in writing.
>
> (c) The Agent will not violate and will fully support wedi's strategic objectives as outlined in annual briefings/meetings.

Ex. 1, 4(a)-(c).

13. Upon termination of the Agreement, Wright was required to, *inter alia*:

> immediately cease using and shall deliver (or return, as applicable) to wedi, without retaining copies: (i) any unused promotional materials provided hereto; (ii) all lists of customers, books, records and other information supplied to, developed or maintained by the Agent pertaining to customers or prospective customers, and otherwise pertaining to the exercise of his rights and performance of his obligations under this Agreement; (iii) all forms, directives, policy manuals and other written information and materials supplied to Agent by wedi pursuant to this Agreement or which contain wedi's trademarks or service marks; and (iv) any other information which the Agent is required to treat as confidential pursuant hereto.

Ex. 1 at 6(c).

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

14. The Agreement contains the following confidentiality provision:

> For the period starting on the date of this Agreement and continuing until two (2) years after the termination of this Agreement, the Agent will hold in confidence and will not disclose or use, any confidential information disclosed to him by wedi; provided that with respect to any information which rises to the level of a trade secret under the applicable law, the Agent's obligation hereunder shall remain in full force and effect for so long as such information remains a trade secret under the applicable law. Confidential information for purposes of this section shall mean all data and other information disclosed to, or otherwise acquired by, the Agent relating to the business of wedi (whether constituting a trade secret or not) which is of value to wedi in the conduct of its business and is not generally known by others who are engaged in the same or a substantially similar business; but shall not include information which is: (i) known by the Agent at the time it was disclosed to, or otherwise acquired by, him, (ii) known or becomes known to the public through no fault of the Agent, (iii) rightfully furnished to the Agent by a third person without restriction, or (iv) independently developed and disclosed by a third person.

Ex. 1 at 7(a).

15. As Agent for wedi, Wright was also wedi's fiduciary, and as such owed wedi fiduciary duties including the duty of candor, rectitude, care, loyalty, trust, and good faith. Wright was prohibited from placing himself in a position which was adverse to wedi during the existence of the agency, and was required to keep wedi informed on all matters of which he had knowledge that pertained to the subject matter of his agency with wedi. Wright, for example, in fulfilling his duties as fiduciary and exclusive agent in the promotion and sale of wedi's products in the Territory, was obligated to disclose to wedi any activities or products of third parties that could affect wedi's business or otherwise be detrimental to wedi, and to refrain from any activities himself that could conflict with wedi's best interests.

16. Upon information and belief, at some point at least as early as 2013 and during the term of his agency with wedi, Wright began collaborating with Hydroblok International Ltd. ("Hydroblok Canada" or "Hydroblok"), a company organized under the laws of Canada with its principal place of business at 304-20338 65th Avenue, Langley, British Columbia, Canada V2Y 2XS. Hydroblok Canada is controlled and (upon information and belief) owned by Ken Koch

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

(“Koch”), a former wedi sales representative in British Columbia, Yukon, and the Northwest Territories of Canada whose own Agency Agreement with wedi was terminated as of January 31, 2011.

17. Hydroblok Canada was interested in introducing and selling in the United States certain products that are directly competitive with products distributed by wedi, including the wedi Building Panels, and wanted to exploit Wright’s knowledge of wedi and its products as well as his relationships with wedi customers developed while an Agent for wedi. Hydroblok Canada wanted Wright to be its sales agent in the same general territory in which Wright was already wedi’s Agent, to import, promote and sell Hydroblok Canada’s competing products.

18. Upon information and belief, Wright and Hydroblok Canada engaged in discussions regarding Hydroblok Canada’s intentions to enter the United States with its products and compete directly with wedi while Wright was still wedi’s Agent, during which time Hydroblok Canada was aware of Wright’s Agreement with wedi and its contents. Wright and Hydroblok Canada agreed that Wright would act as Hydroblok Canada’s agent as part of its organized campaign to penetrate the United States bathroom and kitchen construction and remodeling industry and that Wright would commence his activities in the execution of their plan while still employed as wedi’s Agent, all of which would be concealed from wedi despite Wright’s contractual and fiduciary obligations and duties to wedi.

19. Among the products Hydroblok Canada and Wright wanted to sell in Washington and elsewhere is a shower system utilizing waterproof foam boards covered on each side with reinforced mortar much like wedi’s Building Panels described in Paragraph 9 above, as well as other related products. As part of its organized campaign to penetrate the U.S. market and elsewhere, Hydroblok Canada (and Hydro-Blok USA) advertises its product as: “Introducing HYDRO-BLOK, the better, easier & more cost-effective way to build complete shower systems.”

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

20. Hydroblok Canada and Hydro-Blok USA claim in their advertisements, brochures, on product samples, and on their Internet website that Hydroblok has "The BETTER Shower System." Upon information and belief, Wright assisted with the design and content of Hydroblok Canada's marketing materials while still employed with wedi.

21. Hydroblok Canada and Hydro-Blok USA claim, *inter alia*:

> What is HYDRO-BLOK™?
>
> Put simply, it is the easiest, quickest and most user-friendly way to build a water-proof shower or tub surround at a price you can afford. The HYDRO-BLOK system was developed to provide you with a convenient and hassle-free way to build and customize the shower of your dreams.
>
> Whether you are a Do-It-Yourselfer or contractor, you will be thoroughly impressed at the quality and affordability that comes with using HYDRO-BLOK products. With its closed-cell XPS foam core and its polymer-modified cement coating, you get a fully waterproofed line of shower pans, wallboards and accessories that are lightweight, strong and ready for your tile or stone creations.

Exhibit 2 hereto is a copy of the "Home" page from Hydroblok Canada's and Hydro-Blok USA's website at www.hydroblok.com. Implying that no other products offer what Hydroblok's Shower System offers in comparison with traditional showers, Hydroblok Canada and Hydro-Blok USA claim that they have "The BETTER Shower System" because it offers a new product that has multiple claimed advantages over traditional showers. *See* Ex. 2. In actuality, however, wedi's shower system offers the same or similar advantages.

22. On information and belief, beginning in or around December 2014, Hydro-Blok USA began distributing a brochure (which was also posted on the website shared by Hydro-Blok USA and Hydroblok Canada) that claimed: "All Hydro-Blok® products are IAPMO tested and certified." The International Association of Plumbing and Mechanical Officials ("IAPMO") certifies those products that meet applicable performance standards. Despite this claim, IAPMO had not certified *any* Hydroblok products until March 2015.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

23. After engaging in conduct detrimental to wedi in derogation of his contractual and fiduciary duties to wedi while employed as an Agent for wedi, Wright resigned from his position with wedi and the Agreement terminated effective September 1, 2014. As part of the scheme between Wright and Hydroblok Canada, Wright was to form a new company in Washington after he resigned from wedi that would act, at Wright's direction and control, as Hydroblok Canada's formal (and publicly disclosed) agent to distribute Hydroblok Canada's products in the United States. On or about September 18, 2014, Wright formed Defendant Hydro-Blok USA, which is licensed as a distributor and agent to promote and sell Hydroblok Canada products in the United States.

24. Upon information and belief, for his own benefit to the detriment of wedi, Wright engaged in at least the following conduct while still employed as Agent for wedi and thereafter, and with the agreement, aid, and assistance of Hydroblok Canada:

(a) Failed to inform wedi of Hydroblok Canada's plans to enter the United States market with products directly competitive to wedi's products and of the discussions, negotiations, and agreement between Wright and Hydroblok Canada in pursuit of their scheme.

(b) Received Hydroblok product samples, displays, and other marketing material for the purpose of approaching wedi's distributors and potential customers to discuss the products that Hydroblok would be offering in the United States in direct competition with wedi, and proceeding to use those product samples, displays, and other marketing material with wedi customers in an organized campaign to generate interest in and create sales channels for Hydroblok's products and shower system.

(c) Used wedi confidential information that Wright obtained while wedi's Agent in assisting Hydroblok Canada in designing products and preparing marketing material, establishing pricing for Hydroblok's products, and exploiting wedi's customer

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

information, purchasing histories, and relationships to advantage Hydroblok Canada and disadvantage wedi.

(d) Began approaching wedi customers and potential customers in late 2013 or early 2014 and soliciting them for Wright's personal benefit in connection with his plans with Hydroblok Canada. Wright told them, *inter alia*, that he had been working on a competing product to wedi's shower system and that he would soon offer it for sale to wedi's customers. Wright also subsequently gave some of them Hydroblok product samples, display boxes, and/or price lists.

(e) Designed, provided the artwork, and assisted in writing the content for Hydroblok Canada's marketing materials, which were to be used by Wright as its agent, including a brochure which was prepared prior to, and available in the market immediately after, Wright's resignation from wedi effective September 1, 2014.

(f) Distributed price lists for Hydroblok Canada's products to retailers and distributors, including wedi's distributors.

(g) Reviewed and assisted with the design and content of Hydroblok Canada's website, which was to be and is being shared by Hydro-Blok USA through www.hydroblok.com and www.hydroblokusa.com.

(h) Made false and misleading statements through marketing materials and orally concerning the qualities and attributes of the Hydroblok shower system compared to other products, including wedi's products, and disparaged the products of wedi. Among other things, Wright (and subsequently Hydro-Blok USA) falsely represented that Hydroblok Canada provided the better shower system and offered the easiest, quickest and most user-friendly way to build a shower system similar to the one wedi offered.

(i) Failed to follow wedi's practices and strategies regarding, *inter* alia, wedi's policies regarding advertised pricing by wedi distributors.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

(j) Encouraged wedi product users (e.g., contractors, builders, retailers) and end consumers to purchase from certain wedi distributors that Wright believed would be likely to support Hydroblok and purchase Hydroblok products from him so he could more easily convert sales away from wedi to himself, Hydro-Blok USA, and Hydroblok Canada.

25. As a result of Wright's and Hydro-Blok USA's wrongful conduct, wedi has been damaged in an amount in excess of $500,000, including but not limited to more than $250,000 wedi paid to Wright for commissions while Wright was breaching his fiduciary duties to wedi as well as damages from lost business relationships and sales, harm to wedi's national reputation, and time, costs, and effort of wedi in attempting to mitigate the harm caused by Defendants' wrongful conduct.

**COUNT I – BREACH OF CONTRACT (WRIGHT)**

26. Wedi realleges and incorporates herein by reference paragraphs 1 through 25 above as if fully stated herein.

27. Wedi and Wright had a valid and enforceable contract between them.

28. Wedi paid Wright all commissions due under the Agreement and has otherwise performed all conditions precedent needing to be performed thereunder.

29. Wright breached his responsibilities, duties, and obligations under the Agreement, including, but not limited to §§4(a)-(c), 6(c), and 7(a).

30. Wedi has been damaged by Wright's breach of the Agreement in an amount to be determined at trial.

**COUNT II – BREACH OF FIDUCIARY DUTY (WRIGHT)**

31. Wedi realleges and incorporates herein by reference paragraphs 1 through 30 above as if fully stated herein.

32. Wright was wedi's agent and fiduciary pursuant to the Agreement.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

33. Wright breached his fiduciary duties to wedi by, *inter alia*, soliciting wedi's customers for himself, acquiring personal interests adverse to wedi, dealing independently of the interests of wedi to his personal gain in the subject matter of his agency, concealing facts that were material to wedi's business and within the subject matter of his agency, engaging in activities that conflicted with wedi's best interests and assisting a competing business, placing himself in a position that was adverse to wedi during the existence of the agency, and violating his duties to wedi of candor, rectitude, care, loyalty, trust, and good faith.

34. Wedi has been damaged by Wright's breach of his fiduciary duties to wedi, including more than $250,000 in commissions wedi paid Wright during the time that Wright was breaching his fiduciary duties to wedi, for which wedi seeks disgorgement.

**COUNT III –UNJUST ENRICHMENT (SOUND PRODUCT)**

35. Wedi realleges and incorporates herein by reference paragraphs 1 through 34 above as if fully stated herein.

36. Wright was wedi's agent and fiduciary under the Agreement. Wright did business as Sound Product and requested that his commission checks from wedi be made payable to Sound Product. Upon information and belief, Sound Product provided no additional services to wedi that Wright did not provide personally as agent for wedi.

37. Wright breached his fiduciary duties to wedi causing it damages for which wedi seeks compensation, including, *inter alia*, restitution of more than $250,000 in commissions paid to Wright through Sound Product during the period of Wright's breach of his fiduciary duties.

38. By paying Wright's commissions to Sound Product as directed by Wright, wedi conferred a benefit on Sound Product of which Sound Product was aware. Because of the breach of his fiduciary duties to wedi while wedi was paying his commissions, it would be unjust to allow Sound Product to keep the commissions for which wedi seeks disgorgement as part of its compensatory damages caused by Wright.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

**COUNT IV – LANHAM ACT, 15 U.S.C. §1125**

**(WRIGHT AND HYDRO-BLOK USA)**

39. Wedi realleges and incorporates herein by reference paragraphs 1 through 38 above as if fully stated herein

40. Wedi and Hydro-Blok USA, in connection with Hydroblok products, used in interstate commerce through commercial advertising or promotion (including through Hydro-Blok's and Hydroblok Canada's websites, brochures, marketing materials, price lists, samples, and displays) false or misleading descriptions or representations of fact which misrepresent the nature, characteristics, and qualities of Hydroblok products and wedi products.

41. Wright's false or misleading statements actually deceive or have a tendency to deceive a substantial segment of its intended audience (e.g., distributors, retailers, and users of shower system products similar to those offered by wedi) and are material to their purchasing decisions.

42. Among other things, Wright's and Hydro-Blok USA's statements that Hydroblok offers "The BETTER Shower System," "the better, easier & more cost-effective way to build complete shower systems," and the "easiest, quickest and most user-friendly way to build a water-proof shower or tub surround" are literally false in that they falsely imply, *inter alia*, that: (a) Hydro-Blok USA and Hydroblok Canada are the only ones that offer a shower system with the advantages over traditional building methods that they define in their advertisements; (b) Hydro-Blok USA and/or Hydroblok Canada conducted testing to verify their claims of superiority; (c) if anyone else offers an alternative shower system to traditional methods, including wedi, then Hydroblok's products are superior to such other products; and/or (d) Hydroblok's products are superior to wedi's products.

43. In the alternative, if the statements made by Wright and Hydro-Blok USA are literally true or ambiguous, they are misleading in their implications, and are likely to confuse

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

and deceive a substantial portion of their intended audience in connection with their purchasing decisions.

44. Wright's statement in or around December 2014 that all Hydroblok products were IAPMO-certified was literally false, because no Hydroblok products were IAPMO-certified at that time.

45. Wright and Hydro-Blok USA intended to deceive wedi customers, potential customers, and others through use of their false or misleading statements about Hydroblok and wedi products. This is shown by, *inter alia*, Wright's direct targeting of wedi's customers and potential customers, offering the Hydroblok shower system as a direct competitor to the wedi Product, and falsely claiming that the Hydroblok product is equal to or better than the wedi Product at similar price levels.

46. Wright and Hydro-Blok USA's conduct is in violation of Section 43(a) of the Langham Act, 15 U.S.C. §1125(a).

47. Wedi has been damaged and is likely to be damaged by Wright's and Hydro-Blok USA's wrongful conduct.

48. Wedi is entitled to an injunction against Wright and Hydro-Blok USA under 15 U.S.C. §1116(a) according to the principles of equity and upon such terms as the Court may deem reasonable to prevent the continued violation of subsection (a) of Section 43 of the Langham Act.

49. Wedi is also entitled to recover (1) Wright's and Hydro-Blok USA's profits, (2) damages sustained by wedi, and (3) the costs of the action pursuant to 15 U.S.C. §1117(a). Under the circumstances, wedi is also entitled to enhanced damages up to three times the amount of actual damages and reasonable attorneys' fees.

**COUNT V – CIVIL CONSPIRACY (WRIGHT)**

50. Wedi realleges and incorporates herein by reference paragraphs 1 through 49 above as if fully stated herein.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

51. Wright and Hydroblok Canada entered into an agreement pursuant to which Wright would act as Hydroblok Canada's agent in the United States in promoting and selling Hydroblok products, which agreement required Wright to breach the responsibilities, duties, and obligations owed under his agreement with wedi, required Wright to breach his fiduciary duties owed to wedi, and included using false or misleading statements about Hydroblok and wedi products intended to deceive wedi customers, potential customers, and others.

52. In furtherance of the conspiracy, Wright engaged in wrongful acts as set forth herein.

53. Wedi has been damaged by Wright's conspiratorial conduct in an amount to be determined at trial.

**COUNT VI – WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.020 (WRIGHT AND HYDRO-BLOK USA)**

54. Wedi realleges and incorporates herein by reference paragraphs 1 through 53 above as if fully stated herein.

55. Wright and Hydro-Blok USA engaged in unfair and deceptive acts or practices in trade or commerce by use of false or misleading statements about Hydroblok and wedi products. The false or misleading statements deceive or have a tendency to deceive wedi customers, potential customers, and the public generally.

56. Wright's and Hydro-Block USA's conduct is in violation of RCW 19.86.020.

57. Wedi has been damaged and is likely to be damaged by Wright's and Hydro-Blok USA's wrongful conduct.

**COUNT VII – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (WRIGHT AND HYDRO-BLOK USA)**

58. Wedi realleges and incorporates herein by reference paragraphs 1 through 57 above as if fully stated herein.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

59. Wedi had a valid continued business expectancy with the distributors of its products in Washington and elsewhere. Wright and Hydro-Blok USA had knowledge of wedi's relationship with these distributors.

60. Wright and Hydro-Blok USA intentionally interfered with wedi's business expectancy with distributors using unlawful means as set forth above.

61. Wedi has been damaged by Wright's wrongful conduct.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE having asserted claims entitling it to relief, wedi requests that this Court grant judgment in its favor, and jointly and severally against the defendants as follows:

(1) For money damages in an amount to be proven at trial, including, but not limited to, a disgorgement of all commissions paid by wedi to Wright (through Sound Product) from and after the time Wright began breaching his fiduciary duties to wedi as well as disgorgement of all money acquired from defendants' tortious conduct.

(2) For all prejudgment and postjudgment interest as allowed by law.

(3) Injunctive relief.

(4) All reasonable costs of court.

(5) Attorneys' fees and costs for each claim where a recovery of attorneys' fees and costs is allowed.

(6) Punitive damages/civil penalties as allowed by law.

(7) Joint and several liability as to all defendants.

DEARMIN | FOGARTY PLLC
705 Second Avenue Suite 1050
Seattle, WA 98104-1759
P: 206.826.9400 F: 206.826.9405

(8) Any other relief the Court deems just, equitable and proper.

DATED this 29th day of April, 2015.

DEARMIN FOGARTY PLLC

s/ Diana M. Dearmin
Diana M. Dearmin, WSBA No. 23396
Dearmin Fogarty PLLC
705 Second Avenue, Suite 1050
Seattle, WA 98104
T: (206) 826-9400
F: (206) 826-9405
E: ddearmin@dearminfogarty.com

Daniel J. Becka, IL Bar No. 6202427
Law Offices of Daniel J. Becka
30 N. LaSalle Street, Suite 3010
Chicago, IL 60602
T: (312) 646-1092
F: (312) 278-2455
E: dan@dbeckalaw.com
*Applications Pro Hac Vice to be Filed*

Justin C. Kanter, IL Bar No. 6303651
Peter A. Gaido, IL Bar No. 6201144
Gaido & Fintzen
30 N. LaSalle Street, Suite 3010
Chicago, IL 60602
T: (312) 346-7855
F: (312) 346-8317
E: jkanter@gaido-fintzen.com
pgaido@gaido-fintzen.com
*Applications Pro Hac Vice to be Filed*