UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HYDRO-BLOK USA LLC, et al., | |
| Plaintiffs, | |
| v. | |
| WEDI CORP., | C15-671 TSZ |
| Defendant. | |
| WEDI CORP., | ORDER |
| Plaintiff, | |
| v. | |
| BRIAN WRIGHT, et al., | |
| Defendants. | |

THIS MATTER comes before the Court on a motion, docket no. 101, brought by Brian Wright and Sound Product Sales L.L.C. (collectively, "Wright"), to correct or modify the arbitral award issued on June 23, 2017, docket no. 101-3. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court GRANTS the motion in part and DENIES the motion in part for the following reasons.

ORDER - 1

**Discussion**

Pursuant to agreements between wedi Corp. and Wright, docket nos. 101-1 & 101-2, the parties were directed to arbitrate wedi's breach of contract, breach of fiduciary duty, civil conspiracy, and unjust enrichment claims against Wright. *See* Order (docket no. 26); *see also* Am. Compl. at Counts I-IV (docket no. 17). The parties also arbitrated wedi's allegation that Wright had violated Washington's Uniform Trade Secrets Act, which had been pleaded as a counterclaim in this matter. *See* 1st Am. Counterclaims at Count VII (docket no. 64). The arbitrator found against wedi and in favor of Wright on all claims other than breach of contract; on the contract claim, the arbitrator awarded to wedi only nominal damages of $1.00. *See* Ex. C to Wright's Mot. (docket no. 101-3). The arbitrator denied wedi's request for attorneys' fees, concluding that the "fair and just result is to leave the parties where they stand." *Id.* (docket no. 101-3 at 17).

The arbitrator further indicated that, although "Wright alluded to the possibility of seeking the recovery of his attorneys' fees against wedi," he "waived making that request at the hearing or in his post-hearing brief." *Id.* (docket no. 101-3 at 5). Wright asks that the Court strike this passage from the arbitral award pursuant to Federal Arbitration Act ("FAA"), which authorizes the Court to modify or correct an award when it "is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11(c); *see also Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193 (2000) (FAA's venue provisions are permissive, allowing a motion to modify to be brought in either the district in which the award was made or any district proper under the general venue statute). According to Wright, the reason that he did not address the issue of attorneys' fees during

1     the hearing or in his post-hearing brief was because the arbitrator instructed the parties to

2     wait until after the award issued to submit a fee petition. _See_ Tr. (Vol. X) at 2547 (docket

3     no. 101-4 at 6); _see also_ Ex. E to Wright's Mot. (docket no. 101-5).

4         The Court agrees that Wright cannot be viewed as having waived the ability to

5     pursue attorneys' fees relating to the arbitration proceedings. The arbitrator, however,

6     also made clear in other provisions of the award that attorneys' fees and costs, including

7     the expenses associated with the arbitration, would not be awarded to either side, as a

8     matter of fairness. _See_ Ex. C to Wright's Mot. (docket no. 101-3 at 17-18). The parties'

9     agreement delegates to the arbitrator the authority to decide whether a party is entitled to

10     attorneys' fees, and it indicates that the parties shall bear their own expenses incurred in

11     connection with the arbitration unless otherwise determined by the arbitrator. _See_ Exs. A

12     & B to Wright's Mot. (docket nos. 101-1 & 101-2). Thus, the Court will modify the

13     award to omit the last sentence of the Background section, _see_ docket no. 101-3 at 5,

14     lines 10-13, because such language is inconsistent with the arbitrator's direction to the

15     parties and renders the award "imperfect" in form, but the Court leaves unchanged the

16     arbitrator's decision on the merits of the attorneys' fees issue. Contrary to the suggestion

17     in his motion, Wright may not seek reimbursement of the legal costs of arbitration via

18     subsequent motion to this Court.

19 **Conclusion**

20         For the foregoing reasons, Wright's motion to correct or modify arbitral award,

21     docket no. 101, is GRANTED in part and DENIED in part. The parties are DIRECTED

22     to file a Joint Status Report within twenty-one (21) days of the date of this Order

23

ORDER - 3

1   indicating what, if any issues, remain for trial in this matter. The Clerk is DIRECTED to

2   send a copy of this Order to all counsel of record.

3       IT IS SO ORDERED.

4       DATED this 2nd day of October, 2017.

5

6                             Thomas S. Zilly

7                             United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 4