# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| HYDRO-BLOK USA LLC, et al., <br>     Plaintiffs, <br> v. <br> WEDI CORP., <br>     Defendant. <br><br> WEDI CORP., <br>     Plaintiff, <br> v. <br> BRIAN WRIGHT, et al., <br>     Defendants. | C15-671 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on (i) a motion, docket no. 115, brought by Brian Wright and Sound Product Sales L.L.C. (collectively, "Sound Product"), to confirm the arbitral award issued on June 23, 2017, docket no. 101-3; (ii) a motion, docket no. 107, brought by Brian Wright, Sound Product Sales L.L.C., Hydro-Blok USA, LLC, and Hydroblok International Ltd. (collectively, "Hydro-Blok"), for an order to show cause why wedi Corp. and its attorneys should not be held in contempt for violating the Stipulated Protective Order, docket no. 41; and (iii) a motion, docket no. 119, filed by wedi Corp. concerning whether its response to Hydro-Blok's motion, as well as its supporting declaration and exhibits, should remain under seal. Having reviewed all papers filed in support of, and in opposition to, each motion, the Court enters the following order.

ORDER - 1

**Discussion**

**A.     Confirming the Arbitral Award**

Pursuant to agreements between wedi Corp. ("wedi") and Sound Product, docket nos. 101-1 & 101-2, the parties were directed to arbitrate wedi's breach of contract, breach of fiduciary duty, civil conspiracy, and unjust enrichment claims against Sound Product.  *See* Order (docket no. 26); *see also* Am. Compl. at Counts I-IV (docket no. 17). The parties also arbitrated wedi's allegation that Sound Product violated Washington's Uniform Trade Secrets Act, which had been pleaded as a counterclaim in this matter. *See* Am. Counterclaims at Count VII (docket no. 64).  The arbitrator found against wedi and in favor of Sound Product on all claims other than breach of contract; on the contract claim, the arbitrator awarded to wedi only nominal damages of $1.00.  *See* Award (docket no. 101-3).  The arbitrator denied wedi's request for attorneys' fees, concluding that the "fair and just result is to leave the parties where they stand."  *Id.* (docket no. 101-3 at 17).  The arbitrator further indicated that Sound Product had waived its ability to recover attorneys' fees against wedi.  *Id.* (docket no. 101-3 at 5).  On Sound Product's motion, the Court struck this portion of the arbitral award.  *See* Order (docket no. 111).

Sound Product now seeks to confirm the arbitral award, as modified.  In response, wedi does not dispute the propriety of confirming the arbitral award pursuant to the Federal Arbitration Act, *see* 9 U.S.C. § 9, but it takes issue with the form of Sound Product's proposed order, docket no. 115-1.  The Court declines to adopt Sound Product's proposed form of order, but otherwise GRANTS the motion to confirm the

1 arbitral award.  Seeing no just reason for delay, see Fed. R. Civ. P. 54(b), the Court will

2 enter an appropriate partial judgment.

3 **B.  <u>Violating the Stipulated Protective Order</u>**

4 Pursuant to the parties' stipulation, the Court entered a protective order in this case

5 that tracks the district's model order.  See Stip. Prot. Order (docket no. 41); see also

6 Local Civil Rule 26(c)(2).  The Stipulated Protective Order provides that a party

7 receiving confidential material from another party may use it "only for prosecuting,

8 defending, or attempting to settle this litigation."  Stip. Prot. Order at ¶ 4.1 (docket

9 no. 41).  In addition, a party receiving confidential material must confer with the party

10 designating the material as confidential before filing, discussing, or referencing such

11 material in court filings.  Id. at ¶ 4.3.  Hydro-Blok alleges that wedi and its attorneys

12 violated these provisions of the Stipulated Protective Order by filing a complaint in the

13 Northern District of Illinois against Seattle Glass Block Window, Inc. ("Seattle Glass"),

14 another entity owned by Brian Wright, which contained or referenced confidential

15 material received by wedi in this matter.  The complaint against Seattle Glass was filed

16 on September 1, 2017, see Ex. A to Anable Decl. (docket no. 108-1), and it remained

17 available for public view until October 2, 2017, when it was temporarily sealed on wedi's

18 motion.[1]  See Notification of Docket Entry (N.D. Ill. Case No. 1:17-cv-6368, docket

19 no. 13).  A motion is currently pending in the Northern District of Illinois to dismiss for

---

[1] According to wedi's counsel, the complaint was sealed on September 22, 2017, upon his telephonic request to the assigned judge's courtroom deputy clerk.  See Becka Decl. at ¶ 3 (docket no. 121).  The docket does not, however, confirm that the complaint was sealed prior to October 2, 2017.

ORDER - 3

lack of personal jurisdiction and improper venue or, in the alternative, to transfer the case to this district.

In response to Hydro-Blok's motion for an order to show cause why wedi and its attorneys should not be held in contempt, wedi argues that the complaint against Seattle Glass does not use or disclose material designated confidential by Hydro-Blok, but instead relies on wedi's own information, some of which Brian Wright, on behalf of Seattle Glass, allegedly improperly disclosed to wedi's competitors. The Court is not persuaded by wedi's analysis. In several paragraphs of the complaint against Seattle Glass, the key factual assertions are based on confidential documents disclosed by Hydro-Blok in this case. *Compare* wedi's Am. Counterclaims at ¶¶ 69, 74, & 77 (docket no. 52-1) *with* Compl. at ¶¶ 30, 42, 45, & 46, Ex. A to Anable Decl. (docket no. 108-1); *see also* Minute Order at ¶ 4 (docket no. 63). Although the sales and other substantive information contained in the Hydro-Blok material might have actually belonged to wedi, the fact that Brian Wright forwarded such data to others was learned only from the disclosures made in this matter pursuant to the Stipulated Protective Order. Thus, wedi and its counsel were precluded by the Stipulated Protective Order from using such evidence to craft a pleading in a different proceeding.

The Stipulated Protective Order would not, however, have prevented wedi from relying on confidential material disclosed in this matter to join Seattle Glass as a party in this action, and the real issue here is not that wedi asserts claims against Seattle Glass, but rather that it has done so in the Northern District of Illinois. Given that Brian Wright, a resident of Washington, is already a party in this litigation, and that Seattle Glass is a

ORDER - 4

Washington corporation, <u>see</u> Ex. A to Anable Decl. (docket no. 108-1), wedi's behavior appears to be sheer forum shopping. The Court disapproves of such gamesmanship, but also recognizes that, if wedi's allegations have any truth to them, the Hydro-Blok entities and Seattle Glass do not have entirely clean hands.

Although wedi has violated the Stipulated Protective Order, the Court is not convinced that Hydro-Blok's proposed remedy of forcing wedi's attorneys to withdraw is appropriate, and the Court declines to do so. The Court DEFERS ruling on whether wedi and its lawyers were "substantially justified" in their position, <u>see</u> Fed. R. Civ. P. 26(c)(3) & 37(a)(5)(A)(ii), or whether Hydro-Blok should be awarded attorney's fees and costs in connection with its motion and/or with the litigation in the Northern District of Illinois, until after the remaining claims and counterclaims in this matter are resolved. If the pending action against Seattle Glass is transferred from the Northern District of Illinois to this district, it shall be treated as related to this case, and the parties shall file the requisite notice of related case. <u>See</u> Local Civil Rule 3(g).

**C.      Sealing Materials**

Although, in connection with Hydro-Blok's motion to show cause, wedi filed its response, docket no. 120, and supporting declaration, docket no. 121, under seal, wedi contends that, with a few exceptions, these documents should be available for public view. <u>See</u> Reply at 1 & n.1 (docket no. 127) (agreeing that Exhibits 3 & 5-11 to the supporting declaration should remain under seal). The Court is satisfied that all of the responsive papers should remain under seal.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Sound Product's motion, docket no. 115, to confirm the arbitral award is GRANTED in part and DENIED in part; the arbitral award issued on June 23, 2017, docket no. 101-3, is CONFIRMED and an appropriate partial judgment will be entered;

(2)     Hydro-Blok's motion, docket no. 107, for an order to show cause why wedi and its attorneys should not be held in contempt for violating the Stipulated Protective Order, docket no. 41, is GRANTED in part, DENIED in part, and DEFERRED in part;

(3)     The motion to seal, docket no. 119, filed by wedi, but supported by Hydro-Blok, is GRANTED; wedi's response, docket no. 120, and the Declaration of Daniel J. Becka and all exhibits thereto, docket no. 121, shall remain under seal; and

(4)     The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

DATED this 19th day of December, 2017.

Thomas S. Zilly
United States District Judge