UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HYDRO-BLOK USA LLC, et al., <br>     Plaintiffs, <br>   v. <br> WEDI CORP., <br>     Defendant, <br>   v. <br> HYDROBLOK INTERNATIONAL LTD., <br>     Counter-defendant. | C15-671 TSZ <br><br> ORDER |
| WEDI CORP., <br>     Plaintiff, <br>   v. <br> BRIAN WRIGHT, et al., <br>     Defendants. | |

THIS MATTER comes before the Court on a motion for partial summary judgment, docket no. 133, brought by Brian Wright ("Wright"), Sound Product Sales L.L.C. ("Sound Product"), Hydro-Blok USA LLC ("Hydro-Blok"), and Hydroblok International, Ltd. ("H-International"). Pursuant to agreements between wedi Corp. ("wedi") and Sound Product, the parties were directed to arbitrate wedi's breach of contract, breach of fiduciary duty, civil conspiracy, and unjust enrichment claims against Wright and/or Sound Product. *See* Order (docket no. 26). The parties also arbitrated

ORDER - 1

wedi's allegation that Wright violated Washington's Uniform Trade Secrets Act ("WUTSA"), which had been pleaded as a counterclaim in this matter, but only against H-International. <u>See</u> Am. Counterclaims at Count VII (docket no. 64); <u>see also</u> Counterclaims (C15-615 TSZ, docket no. 19). The arbitrator found against wedi and in favor of Wright and Sound Product on all claims other than breach of contract; on the contract claim, the arbitrator awarded to wedi $1.00 in nominal damages. <u>See</u> Order at 2 (docket no. 128); Order at 2 (docket no. 111); Award (docket no. 101-3). The Court confirmed the arbitral award, as modified by the Court, entered partial judgment in favor of wedi and against Wright on the breach of contract claim in the amount of $1.00, and dismissed with prejudice wedi's claims against Wright and/or Sound Product for breach of fiduciary duty, civil conspiracy, unjust enrichment, and violation of WUTSA. Orders (docket nos. 111 & 128); Judgment (docket no. 129). No party timely filed a notice of appeal, and the status of the claims that were arbitrated is as follows:

| **wedi's Claims** | **Against** | **Status** |
| --- | --- | --- |
| Breach of Contract | Wright | $1.00 Awarded |
| Breach of Fiduciary Duty | Wright | Dismissed |
| Civil Conspiracy | Wright | Dismissed |
| Unjust Enrichment | Wright and Sound Product | Dismissed |
| Violation of WUTSA | Wright | Dismissed |

Wright and Hydro-Blok now seek partial summary judgment as to wedi's claim against them for tortious interference with prospective advantage. In addition, Wright and Hydro-Blok, as well as Sound Product, move to dismiss wedi's counter-counterclaim for abuse of process as having been untimely asserted. H-International requests partial

ORDER - 2

1 summary judgment as to wedi's counterclaims for tortious interference with contract,
2 aiding and abetting breach of fiduciary duty, conspiracy, tortious interference with
3 prospective economic advantage, and violation of WUTSA. None of these parties has
4 asked for dismissal of wedi's claims and counterclaims under the Lanham Act or
5 Washington's Consumer Protection Act ("CPA"), and those claims and counterclaims
6 will remain for trial regardless of the Court's ruling on the pending motion for partial
7 summary judgment. Also not at issue in the instant motion are the counterclaims asserted
8 by Wright, Hydro-Blok, and Sound Product against wedi for tortious interference with
9 prospective economic advantage and abuse of process.

**Discussion**

Except as to wedi's abuse of process claim, the current motion for partial summary judgment relies on the doctrine of collateral estoppel, also known as "issue preclusion," in seeking dismissal of claims or counterclaims that were not actually litigated in the earlier arbitration. Collateral estoppel bars relitigation of an issue adjudicated in a prior proceeding if (i) the issue was necessarily decided in the previous action and is identical to the one now before the Court, (ii) the prior matter ended with a final judgment on the merits, and (iii) the party against whom collateral estoppel is asserted was a party or in privity with a party to the earlier case. *Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Local 287*, 649 F.3d 1067, 1070 (9th Cir. 2011); *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988). An arbitral award can have collateral estoppel effect. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1321 (9th Cir. 1992); *see also MedChoice Risk Retention Group Inc. v. Katz*, 2017

ORDER - 3

WL 3970867 at *9-*12 (W.D. Wash. Sep. 8, 2017). The party asserting preclusion bears the burden of showing "with clarity and certainty" what was determined by the arbitrator. See Clark, 966 F.2d at 1321. The question before the Court is whether the issue for which preclusion is sought is "the only rational one" on which the arbitrator could have based the decision, thereby foreclosing such issue even if no explicit finding was made, or whether a rational factfinder could have reached a conclusion on the basis of an issue other than the one for which collateral estoppel effect is asserted. See id.

### A. Derivative Counterclaims

wedi's counterclaims against H-International for aiding and abetting a breach of fiduciary duty, conspiracy, and violation of WUTSA are all dependent on allegations against Wright, on which wedi failed to carry its burden of proof in arbitration. wedi has not sought review of the confirmation of the arbitral award, and the Court is satisfied that the arbitrator's decision operates to collaterally estop wedi from pursuing each of these counterclaims against H-International.[1] Without deciding whether Wright owed any fiduciary duty to wedi, the arbitrator concluded wedi failed to establish that any alleged breach of fiduciary duty proximately caused an injury to wedi. Award at 13 (docket no. 101-3). This finding precludes wedi from asserting that it suffered injury as a result of any breach of fiduciary duty by Wright that H-International might have aided or abetted. Without injury, wedi cannot prove the tort. See Arden v. Forsberg & Umlauf,

---

[1] wedi argues that its counterclaims against H-International should not be dismissed before it has had an opportunity to conduct certain depositions. wedi fails to explain how any person's testimony could alter the underlying decision of the arbitrator concerning Wright's lack of liability, which gives rise to "issue preclusion."

ORDER - 4

*P.S.*, 193 Wn. App. 731, 756, 373 P.3d 320 (2016).  As to wedi's counterclaim against H-International for aiding and abetting Wright in breaching a fiduciary duty, the motion for partial summary judgment is GRANTED, and such counterclaim is DISMISSED with prejudice.

Prior to the arbitration proceeding, wedi dismissed its civil conspiracy claim against Wright, *see* Joint Status Report at ¶ 1 (docket no. 98), and having done so, it cannot now proceed on such claim against H-International.  wedi was required to arbitrate its conspiracy claim against Wright, but chose not to do so, and the claim has been dismissed with prejudice.  A civil conspiracy requires that at least two people agree to engage in activity to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.  *See Wilson v. Wash.*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996) (citing *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 528-29, 424 P.2d 290 (1967)).  Because wedi's conspiracy counterclaim against H-International accuses only Wright and H-International of entering into an improper agreement, and because wedi has failed as a matter of law to prove that Wright engaged in any conspiracy, wedi cannot establish an essential element of its conspiracy counterclaim, namely collusion between two or more people.  The motion for partial summary judgment is GRANTED as to the counterclaim against H-International for civil conspiracy, and such counterclaim is DISMISSED with prejudice.

With respect to wedi's claim against Wright under WUTSA, the arbitrator ruled that wedi failed to prove (i) the existence of protectable trade secrets, which had been shared with or misappropriated by Wright, *see* Award at 15 (docket no. 101-3), or (ii) any

ORDER - 5

lost profits as a result of any misuse of trade secrets, *id.* at 11-12, and such conclusion bars wedi's counterclaim that H-International, through Wright, misappropriated wedi's trade secrets. In arguing to the contrary, wedi does not identify any way in which the arbitrator's decision leaves room for wedi to relitigate whether it had protectable trade secrets or lost profits from a violation of WUTSA. Instead, wedi challenges the arbitrator's analysis. The time for attacking the arbitrator's reasoning was before the Court confirmed the arbitral award, and having not timely done so, wedi has waived such argument. As to wedi's counterclaim against H-International for violation of WUTSA, the motion for partial summary judgment is GRANTED, and the WUTSA counterclaim is DISMISSED with prejudice.

  B. **Tortious Interference**

  With regard to wedi's counterclaim against H-International for tortious interference with contract, as well as wedi's claim against Wright and Hydro-Blok, and counterclaim against H-International, for tortious interference with prospective economic advantage, the Court is not persuaded that the moving parties have shown "with clarity and certainty" how the arbitrator's decision preempts such claim and counterclaims. The arbitrator ruled in wedi's favor on the breach of contract claim against Wright and awarded nominal damages. The moving parties fail to explain how such ruling prevents wedi from pursing its counterclaim against H-International for tortiously interfering with its contract with Wright, or its claim and counterclaim for tortious interference with prospective economic advantage. Thus, as to tortious interference, the motion for partial summary judgment is DENIED.

C.  **Abuse of Process**

With regard to wedi's counter-counterclaim for abuse of process, the moving parties argue that the Federal Rules of Civil Procedure do not recognize such pleading, see Fed. R. Civ. P. 7(a) (enumerating the types of pleadings allowed) and that wedi's counter-counterclaim was, in essence, an untimely attempt to amend its amended complaint without leave of the Court. These assertions might be true, but the time to raise them was within twenty-one (21) days of the date the counter-counterclaim was filed on November 17, 2016. See Fed. R. Civ. P. 12(a)(1)(B). Had the procedural irregularity been identified earlier, wedi might have sought and been granted an extension of time to amend its pleading. The moving parties have provided no basis for granting summary judgment and dismissing the counter-counterclaim on the merits.

**Conclusion**

For the foregoing reasons, the pending motion for partial summary judgment, docket no. 133, is GRANTED in part and DENIED in part as follows: (a) the motion is GRANTED as to wedi Corp.'s counterclaims against Hydroblok International Ltd. for aiding and abetting a breach of fiduciary duty, conspiracy, and violation of Washington's Uniform Trade Secrets Act, and such counterclaims are DISMISSED with prejudice; and (b) the motion is otherwise DENIED. The matters remaining for trial are summarized below.

| Claim and/or Counterclaim | Asserted By | Against |
|---|---|---|
| Tortious Interference with Contract | wedi | H-International |
| Lanham Act | wedi | Wright, Hydro-Blok, and H-International |

ORDER - 7

| Claim and/or Counterclaim | Asserted By | Against |
|---|---|---|
| CPA | wedi | Wright, Hydro-Blok, and H-International |
| Tortious Interference with Prospective Advantage | wedi | Wright, Hydro-Blok, and H-International |
| Abuse of Process | wedi | Wright, Hydro-Blok, and Sound Product |
| Tortious Interference with Prospective Advantage | Wright, Hydro-Blok, and Sound Product | wedi |
| Abuse of Process | Wright, Hydro-Blok, and Sound Product | wedi |

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 25th day of May, 2018.

_____
Thomas S. Zilly
United States District Judge