UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HYDRO-BLOK USA LLC, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>WEDI CORP.,<br><br>    Defendant,<br><br> v.<br><br>HYDROBLOK INTERNATIONAL LTD.,<br><br>    Counter-defendant. | C15-671 TSZ<br><br>MINUTE ORDER |
| WEDI CORP.,<br><br>    Plaintiff,<br><br> v.<br><br>BRIAN WRIGHT, et al.,<br><br>    Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

 (1) The motion brought by wedi Corp. ("wedi") to compel discovery, docket no. 166, is DENIED for the following reasons:

  (a) With regard to wedi's various requests for production ("RFPs") propounded to Brian Wright, Sound Product Sales L.L.C., Hydro-Blok USA LLC, and Hydroblok International Ltd. (collectively, "Wright"), wedi acknowledges that, before filing its motion to compel, it received over 6,800 documents totaling over 15,500 pages (in addition to the almost 100,000 pages previously produced by Wright), but it had **not** reviewed the materials prior to seeking relief from the

MINUTE ORDER - 1

Court.[1]  Instead, wedi brought this motion in which it seeks to compel Wright to identify the RFPs in response to which documents have been or will be produced. Wright, however, has already done so.  Wright's responses to the RFPs could not be more clear, indicating alternatively that (i) responsive documents were already produced, *see* 1st RFPs Nos. 1-23 & 27-29 (docket no. 167-4); 2d RFPs Nos. 1-3 & 8-9 (docket no. 167-5); *see also* 1st RFPs to Hydroblok International Ltd. ("HBI") Nos. 1-23, 25, 27-28, 30, 32-33, 37, 39, 42-46, & 48 (docket no. 167-3); (ii) Wright will produce relevant, non-privileged documents, 1st RFPs Nos. 24-26; 2d RFPs Nos. 4, 7, 10-11, 14-16, & 27-28; 1st RFPs to HBI Nos. 41 & 47; *see also* 1st RFPs in C15-615 Nos. 1-27 (docket no. 167-2); (iii) Wright objects to the request and will not produce any materials, 1st RFPs Nos. 30-33; 2d RFPs Nos. 5-6, 12-13, 17-21, 23, 29-39, & 41-42; 1st RFPs to HBI No. 26; (iv) Wright has no documents, or no additional, non-redundant, relevant, non-privileged information, responsive to the request, 2d RFPs Nos. 22, 24-26, & 40; *see also* 1st RFPs to HBI Nos. 24, 29, 31, & 36; (v) the requested samples are not in HBI's possession, 1st RFPs to HBI Nos. 34-35; or (vi) responsive documents are publicly available, *see* 1st RFPs to HBI Nos. 38 & 40.  To the extent wedi is actually seeking a list of the documents responsive to each RFP, such request is DENIED.

(b)     With regard to the First Set of Interrogatories and Requests for Production,[2] docket no. 167-2, wedi asks the Court to compel responses to Interrogatories 1, 3-6, and 8-9, and to RFPs Nos. 2-21 and 23-27, but the only request about which wedi provides any analysis is Interrogatory 3, which demands that Wright state "all facts" on which Wright bases the contention that Wright's products do not infringe United States Patent No. 5,961,900 (the "'900 Patent"). Wright appropriately objected to Interrogatory 3 on the ground that it seeks legal admissions and/or conclusions, but Wright nevertheless answered the request by indicating why Wright's products are believed not to infringe Claim 1 of the '900 Patent, which is the only independent claim in the patent.  *See* Ex. A to Compl. (C15-615, docket no. 1-5).  wedi's motion to compel Wright to "supplement and update" the response to Interrogatory 3 is frivolous.  To the extent wedi seeks further discovery on the subject of whether Wright's products infringe the '900 Patent, wedi's request is DENIED.  Wright's claim seeking a declaration of non-infringement of the '900 Patent was dismissed without prejudice, Order (C15-615, docket no. 54), for lack of subject-matter jurisdiction, on wedi's motion (C15-615, docket no. 44), in which it represented to the Court that neither wedi nor its parent,

---

[1] wedi appears to have been in a hurry to meet the September 6, 2018, deadline for discovery motions.  Given that wedi was unprepared to file its motion to compel, the better approach would have been to request an extension of the discovery motion filing deadline and review the recently produced materials before accusing Wright of failing to comply with discovery obligations.

[2] These discovery requests and the responses thereto were served in Case No. C15-615 TSZ, before that matter was consolidated into Case No. C15-671 TSZ.

MINUTE ORDER - 2

wedi GmbH, own or are exclusive licensees of the '900 Patent. wedi's argument that Wright's claims for tortious interference with prospective advantage and abuse of process warrant discovery concerning the '900 Patent is meritless. The crux of those claims is that wedi knew it did not own or have an exclusive license in the '900 Patent, but improperly gave the impression that it had such rights when it allegedly informed third parties that Wright's products infringe the '900 Patent. *See* Am. Answer and Counterclaims at 30-31 (docket no. 65). Wright may proceed forward on this theory regardless of whether Wright's products infringe the '900 Patent. Moreover, because wedi does not own or have an exclusive license to the '900 Patent, it is not an appropriate party to defend the validity of the patent in this action or to espouse views about any infringement. The issue of whether Wright's products infringe the '900 Patent is no longer before the Court, and wedi will not be permitted to conduct discovery on the topic. Nothing in this ruling shall be construed, however, as precluding wedi from conducting discovery otherwise consistent with this Minute Order concerning what actions, communications, intent, or knowledge on wedi's part constitute the basis of Wright's claims for tortious interference with prospective advantage and abuse of process.

(c) wedi seeks to compel Wright to conduct additional searches using the terms "IAPMO," "Chen," "Werner," "Hammelmann," "niche," "mesh," and "curb." In making this request, wedi has failed to (i) disclose the search terms on which the parties previously agreed, (ii) explain why the new search terms were not proposed earlier, or (iii) provide any basis for believing that the new search terms would reveal additional responsive and/or relevant documents. In contrast, Wright indicates that the original search terms (including "hydr*," "wallboard," "shower," and "hb*") were broad enough to capture communications involving the IAPMO (International Association of Plumbing and Mechanical Officials), which certifies shower and wallboard products. wedi has not made the requisite showing that another round of culling through electronically stored information would be fruitful and proportional to the needs of the case.

(d) In a somewhat duplicative request, wedi asks the Court to compel Wright to respond to Interrogatories 3, 4, and 9, and RFPs 3-5, 10, 15, 17, and 19 in C15-615, docket no. 167-2, 1st RFPs to HBI Nos. 17, 18, 21, 22, and 34, docket no. 167-3, and 2d RFPs Nos. 7 and 8, docket no. 167-5. Wright has agreed to produce, or has produced, documents in response to each RFP listed, other than RFP to HBI No. 34, as to which Wright has answered that the requested samples are not in HBI's possession. The Court cannot compel Wright or HBI to provide a different response.[3] As indicated earlier, although Wright appropriately objected to Interrogatory 3, an answer was provided, and wedi's repetitious motion to

---

[3] wedi has threatened to file a motion seeking remedies for spoliation, but it has not requested such relief in its current motion to compel, and the Court declines to address the subject further.

MINUTE ORDER - 3

compel lacks merit. With regard to Interrogatories 4 and 9, Wright indicated that, after entry of an appropriate protective order, Wright would produce documents that contain sufficient information to answer each interrogatory. wedi has made no showing that Wright failed to disclose responsive documents, and the Court is satisfied that wedi can easily identify the materials in which the information sought in Interrogatories 4 and 9 can be found.[4]

(e) According to wedi, the over eight-page response to Interrogatory 1 to Hydro-Blok USA LLC ("HB USA"), docket no. 167-6, was incomplete and needs to be supplemented. Interrogatory 1 to HB USA seeks the identity of "all persons with knowledge of **any** of the facts upon which" Wright's claims for tortious interference with prospective advantage and abuse of process are based and the nature of such knowledge. Wright has identified all individuals with knowledge of **material** facts, as opposed to every person who might "conceivably have knowledge" of the facts underlying Wright's claims. See Wright's Resp. at 4 (docket no. 170). wedi's suggestion that Wright's answer is somehow insufficient or nonresponsive lacks merit.

(f) wedi complains that, in responding to Interrogatories 4, 5, 6, and 8, docket no. 167-6, HB USA identified documents that "may" contain responsive information. wedi contends that Wright should be required to specify whether each enumerated document contains responsive information and to remove from the list any document that does not contain responsive information. During a discovery conference that occurred before wedi filed its current motion to compel, Wright's counsel indicated that HB USA's answers can be construed to omit the word "may." McMahon Decl. at ¶ 4 (docket no. 171). Nothing more was required and Wright's responses are deemed so modified.

(g) Wright did not request an award of attorney's fees and costs in connection with responding to wedi's meritless motion to compel, and the Court declines to sua sponte grant such relief. wedi is, however, ADVISED that any further use of abusive litigation tactics will not be tolerated and will be grounds for sanctions, potentially including monetary penalties and/or dismissal of its claims in this matter.

(2) wedi's motion to extend the discovery deadline and continue the trial date and related deadlines by ninety (90) days, docket no. 161, is GRANTED in part and DENIED in part as follows. The discovery completion deadline is EXTENDED from

---

[4] Interrogatory 4 asked for various agreements (relating to manufacturing, licensing, assignment, agency, settlement, consulting, or this litigation), which can be readily recognized by their form and substance, while Interrogatory 9 sought the identity of persons involved in the manufacture, sale, and/or importation of Wright's products. To the extent Wright produced any organizational charts, wedi could presumably easily spot them and understand their contents.

MINUTE ORDER - 4

October 1, 2018, to December 14, 2018, for the sole purpose of taking depositions. All other dates and deadlines set forth in the Minute Order entered March 2, 2018, docket no. 150, and the prior Minute Orders to which it refers, shall remain in full force and effect. Expert disclosures were due by March 30, 2018, *see* Minute Order at ¶ 2 (docket no. 141), and this deadline has remained in full force and effect since it was set, *see* Minute Order at ¶ 1 (docket no. 150).

(3) The parties' cross-motions for summary judgment, docket nos. 175 and 176, shall remain noted for November 9, 2018. The parties may not renote such motions again without prior approval of the Court.

(4) The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record.

Dated this 26th day of October, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5