UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HYDRO-BLOK USA LLC, et al.,

    Plaintiffs,

v.

WEDI CORP.,

    Defendant,

v.

HYDROBLOK INTERNATIONAL LTD.,

    Counter-defendant.

WEDI CORP.,

    Plaintiff,

v.

BRIAN WRIGHT, et al.,

    Defendants.

C15-671 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deferred portions of wedi Corp.'s motion for reconsideration, docket no. 262, are DENIED. Contrary to wedi's assertion, in partially granting the motion for summary judgment brought by Brian Wright, Sound Product Sales L.L.C., Hydro-Blok USA LLC, and Hydroblok International (collectively, "Wright"), and dismissing wedi's claims under the Lanham Act and Washington's Consumer Protection Act, the Court did not weigh the evidence or fail to draw all "justifiable" inferences from the evidence in wedi's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rather, the Court took note of the dearth of evidence in the record to support wedi's contentions that the statements "All HYDRO-BLOK™ products are IAPMO tested & certified" and "HCFC-FREE XPS" are literally false. *See* Order at 15-21 (docket no. 260).

MINUTE ORDER - 1

wedi cannot dispute that the International Association of Plumbing and Mechanical Officials ("IAPMO") issued a Certificate of Listing for HYDRO-BLOK tileable shower receptors and shower kits each year during the period from March 2015 to March 2019. wedi's argument that the IAPMO was somehow duped into issuing, or otherwise should not have issued, such Certificates of Listing does not somehow render false the statement that the products were in fact certified. The same analysis applies with regard to the certifications of HYDRO-BLOK products by ICC Evaluation Service, a subsidiary of the International Code Council. Challenges to the process for certification do not show that the boasts about certifications that were actually received are untruthful.

In moving for reconsideration as to the Court's two-page discussion about the "HCFC-FREE" representation, an issue to which wedi devoted less than a sentence in its response to Wright's motion for summary judgment, *see* Resp. at 4 (docket no. 187), wedi relies heavily on a test report setting forth "--" next to the phrase "Ozone Depleting Substances, asserting that the Court should have interpreted "--" as meaning "no conclusion was given," *see* wedi's Mot. at 5-6 (docket no. 262). wedi does not explain how "no conclusion" supports its claim that the statement "HCFC-FREE" is literally false. wedi also fails to address the other basis on which the Court rejected its claim that "HCFC-FREE XPS" is literally false, namely the Safety Data Sheet **submitted by wedi**, which is a document disseminated by FUDA Thermal Insulation Material Co., Ltd., the manufacturer of the extruded polystyrene foam ("XPS") at issue, indicating that the XPS is "free of HCFC blowing agents and complies with EU Regulation EC/1005/2009," regarding substances that deplete the ozone layer. *See* Order at 21 (docket no. 260) (citing Ex. 37 to Kanter Decl. (docket no. 197 at 36)). wedi provides no reason why Wright could not rely on the Safety Data Sheet in labeling and marketing the HYDRO-BLOK products or why the Court could not consider the Safety Data Sheet in rejecting wedi's allegation of falsity.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 19th day of September, 2019.

                                                William M. McCool
                                                Clerk

                                                s/Karen Dews
                                                Deputy Clerk

MINUTE ORDER - 2