|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT SEATTLE | |
| HYDRO-BLOK USA LLC, et al.,<br>        Plaintiffs,<br>  v.<br>WEDI CORP.,<br>        Defendant,<br>  v.<br>HYDROBLOK INTERNATIONAL LTD.,<br>        Counter-defendant. | C15-671 TSZ<br><br>MINUTE ORDER |
| WEDI CORP.,<br>        Plaintiff,<br>  v.<br>BRIAN WRIGHT, et al.,<br>        Defendants. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The unopposed motion to seal brought by Brian Wright, Sound Product Sales L.L.C., Hydro-Blok USA LLC, and Hydroblok International, Ltd. (collectively, "Wright"), docket no. 272, is GRANTED, and Exhibits 1–11 to the Declaration of John Whitaker, docket nos. 274-279, shall remain under seal.

(2) The unopposed motion to seal brought by wedi Corp. ("wedi"), docket no. 281, is GRANTED, and Exhibits 1–6 to the Declaration of Justin Kanter, docket no. 284, shall remain under seal.

MINUTE ORDER - 1

(3) wedi's motions in limine, docket no. 269, are GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

    (a) Motion in Limine No. 1 to exclude "evidence, argument, and suggestion concerning prior litigation involving the parties," is

- DEFERRED as to the prior arbitration between wedi and Wright;

- GRANTED as to the wedi/Seattle Glass Block case; Wright does not appear to base its abuse of process claim on any conduct related to Case No. C18-636 TSZ; and

- DENIED in part as to the patent-related matters litigated in this case and the consolidated case, No. C15-615 TSZ, and DEFERRED in part as to the other dismissed claims in the present action.

With respect to the prior arbitration and the dismissed claims other than the patent-related matters, counsel shall be prepared to discuss at the telephonic hearing scheduled for 10:30 a.m. on October 25, 2019, whether the parties can agree on a statement to be read by the Court to the jury explaining the procedural posture of this matter and telling the jurors that they need not concern themselves with any claims other than those remaining for trial.

    (b) Motion in Limine No. 2 to exclude "damages evidence" regarding "abuse of process claim" is DENIED. Wright's damages relating to its abuse of process claim are, however, limited to the aggregate amount reflected in the billing statements marked as Exhibit 317, Ex. 9 to Whitaker Decl. (docket no. 279-4).

    (c) Motion in Limine No. 3 and Motion in Limine No. 4 to limit "damages evidence on defendants' tortious interference claim" are GRANTED as follows: Wright's damages associated with its tortious interference claim shall be limited to the figures and calculations included in Drew Voth's Report, any written responses to discovery requests, and/or any deposition testimony on the subject.

    (d) Motion in Limine No. 5 to exclude "evidence or statements regarding falsity of patent infringement" is DENIED.

    (e) Motion in Limine No. 6 to exclude "evidence, argument, and suggestions concerning court rules, statutes, regulations, or law" is DENIED as overbroad. The Court will instruct the jury about the law applicable to the claims in this matter.

(f) Motion in Limine No. 7 to exclude "defendants' introduction of their own pleadings and briefs as substantive evidence" is GRANTED as to all parties, none of which may proffer as evidence a pleading or brief to prove the truth of the matter asserted therein.

(g) Motion in Limine No. 8 to exclude "evidence or statements concerning parties' relative size, respective financial positions, and costs incurred in connection with the litigation and arbitration" is DEFERRED.

(h) Motion in Limine No. 9 to exclude "evidence, statements, or suggestions of wedi's alleged negative character, perceived unfair treatment of others, wedi being a 'bully,' and wedi's investigation of other companies' products" is DEFERRED.

(i) Motion in Limine No. 10 to exclude "statements or suggestions that a party filed motions in limine or unsuccessfully sought to exclude evidence" is GRANTED as to all parties, none of which may proffer as substantive evidence a motion in limine, whether successful or unsuccessful, but this ruling does not prevent a party from appropriately bringing to the Court's attention an alleged violation of an order in limine.

(4) Wright's motions in limine, docket no. 270, are GRANTED in part, DENIED in part, STRICKEN in part, and DEFERRED in part, as follows:

(a) Motion in Limine No. 1 to exclude "any evidence of monetary damages for either of wedi's remaining claims" is DENIED in part as to materials submitted in response to Wright's motion for summary judgment, docket no. 176, and pursuant to the Minute Order entered February 6, 2019, docket no. 240, and is otherwise GRANTED. wedi may pursue only the following items of damage at trial: (i) rebates issued to "Emser" in the amount of $40,000; (ii) improper acquisition of Hilton "lead" list worth $5,000; and (iii) improper acquisition of legal advice for which wedi paid $1,500. <u>See</u> Order at 23 (docket no. 260) (citing Lohmann Decl. (docket no. 187-1)). wedi may not seek damages for the loss of customers or for injury to reputation or goodwill, neither of which were quantified in response to the prior Minute Order. Although wedi's Exhibit 186, Ex. 4 to Kanter Decl. (docket no. 284-4),[1] purports to itemize wedi's lost income through

---

[1] The spreadsheet marked as Exhibit 186 was apparently disclosed to Wright in connection with the 2017 arbitration, <u>see</u> Kanter Decl. at ¶ 4 (docket no. 283), but it was not submitted to the Court in response to the Minute Order directing wedi to specify the damages alleged to have been proximately caused by any tortious interference with contract and/or prospective advantage, <u>see</u> Minute Order at ¶ 4(a) (docket no. 240), which was issued two years later, in 2019.

MINUTE ORDER - 3

2016, it does not itself explain how the figures correlate with the loss of customers or any injury to reputation or goodwill.

  (b) Motion in Limine No. 2 to exclude "any evidence of breach of contract" is GRANTED.

  (c) Motion in Limine No. 3 to exclude "testimony of any fact witness not identified or disclosed during discovery" is

- STRICKEN as moot as to Kevin Cease and Herbert Oxenrider;
- GRANTED as to Blake Adsero, Ian Guiberson, and Zachary Sampson.

By Minute Order entered February 6, 2019, docket no. 240, the Court struck the declarations of Adsero, Cease, Guiberson, Oxenrider, and Sampson because those witnesses had not been identified by wedi before their declarations were filed in response to Wright's motion for summary judgment. Discovery closed on October 1, 2018, *see* Minute Order at ¶ 1 (docket no. 150), except for depositions, *see* Minute Orders (docket nos. 181 & 233). At the time the Court struck the declarations, the deadline for depositions had expired, and wedi never sought to amend its initial disclosures or reopen discovery for the purposes of identifying Adsero, Guiberson, and/or Sampson as witnesses for trial.

  (d) Motion in Limine No. 4 to exclude "any evidence not previously disclosed, identified, or otherwise produced during discovery" is GRANTED.

  (e) Motion in Limine No. 5 to exclude "evidence of any false or misleading statements falling within the scope of the already-adjudicated Lanham Act claim" is DEFERRED.

  (f) Motion in Limine No. 6 to limit "testimony of witnesses to subjects disclosed with reasonable particularity" and to strike the phrase "other related matters" from the associated portions of wedi's pretrial statement is STRICKEN as moot.

  (g) Motion in Limine No. 7 to exclude "use of [Brian] Wright's prior sworn testimony as direct evidence" is STRICKEN as moot.

  (5) wedi's motion, docket no. 282, to strike Exhibit A to Wright's motions in limine, docket no. 270-1, is DENIED. To the extent, however, that the Court has granted or denied Wright's motions in limine, the Court has made no specific ruling concerning the admissibility of the exhibits or documents identified on Exhibit A.

1     (6)     Counsel shall be prepared to address, during the telephonic hearing scheduled for 10:30 a.m. on October 25, 2019, the motions in limine that have been DEFERRED, as well as the trial date and related dates and deadlines.

    (7)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of October, 2019.

William M. McCool  
Clerk

s/Karen Dews  
Deputy Clerk

MINUTE ORDER - 5