UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEDI CORP., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN WRIGHT; HYDRO-BLOK USA LLC; and HYDROBLOK INTERNATIONAL LTD., <br><br> Defendants. | C15-671 TSZ <br><br> MINUTE ORDER |
| SOUND PRODUCT SALES L.L.C., <br><br> Counterclaimant, <br><br> v. <br><br> WEDI CORP., <br><br> Counter-Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to amend judgment brought by wedi Corp. ("wedi"), docket no. 304, is DENIED. Contrary to wedi's contention, the Partial Judgment entered on December 6, 2019, docket no. 296, is consistent with the terms of the parties' settlement:

THE COURT: We're going to dismiss all the claims other than what's covered by those two orders. We're going to enter a judgment that will start the clock ticking on the right to appeal the matters covered by the two orders, [docket nos.] 260 and 266, and then the prevailing party would have a right to at least seek attorney's fees and costs in connection with what was decided by those two orders. . . . Is that kind of where we are?

MR. MCMAHON: Yes, Your Honor, I believe so. This is Brian McMahon.

MINUTE ORDER - 1

| | |
|---|---|
| 1 | MR. BECKA: Defendants are preserving their right [to] seek fees and costs for the claims that wedi is going to be appealing, is the agreement of the parties. |

Tr. (Dec. 5, 2019) at 12:23-13:13 (docket no. 297).  To the extent wedi argues that the Lanham Act and Washington's Consumer Protection Act preclude Brian Wright, Sound Product Sales L.L.C., Hydro-Blok USA LLC, and Hydroblok International Ltd. (collectively, "Wright") from being awarded costs because they were defendants as to such claims, its position lacks merit.  *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013) (holding that the specific cost provision of the Fair Debt Collection Practices Act did not displace the "venerable presumption" of Rule 54(d)(1) that prevailing parties are entitled to costs); *see also Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780 (8th Cir. 2016) (applying *Marx* in the context of the Fair Labor Standards Act, which expressly addresses awarding costs to prevailing plaintiffs, but is silent with respect to prevailing defendants). To be clear, the Partial Judgment merely indicates <u>how</u> costs may be sought, *i.e.*, in the manner set forth in Local Civil Rule 54(d); the Court has made no ruling concerning whether or the extent to which Wright might recover costs.  *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000) (observing that Rule 54(d)(1) vests the district court with discretion to refuse to tax costs).

(2) The referral of Wright's motion for costs, docket no. 301, to Deputy Clerk In-Charge Joe Whiteley is VACATED, and such motion is RENOTED to March 20, 2020.

(3) Wright's motion for attorney's fees, docket no. 298, is likewise RENOTED to March 20, 2020.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of February, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2