UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEDI CORP.,<br><br>                Plaintiff,<br><br>   v.<br><br>BRIAN WRIGHT; HYDRO-BLOK USA LLC; and HYDROBLOK INTERNATIONAL LTD.,<br><br>                Defendants.<br><br>SOUND PRODUCT SALES L.L.C.,<br><br>                Counterclaimant,<br><br>   v.<br><br>WEDI CORP.,<br><br>                Counter-Defendant. | C15-671 TSZ<br>(consolidated with C15-615 TSZ)<br><br>MINUTE ORDER AND TAXATION OF COSTS |

     The following Minute Order and Taxation of Costs is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    The deferred portion of the motion for attorney fees, docket no. 298, brought by Brian Wright, Sound Product Sales L.L.C. ("Sound Product"), Hydro-Blok USA LLC ("Hydro-Blok"), and Hydroblok International Ltd. ("H-International"), is DENIED. The deferred portion of the motion is brought under the Lanham Act, which authorizes the Court to award reasonable attorney fees to the prevailing party in an "exceptional" case. 15 U.S.C. § 1117(a). The moving parties bear the burden of proving by a preponderance of the evidence that this case is "exceptional" within the meaning of the Lanham Act. *See* <u>SunEarth, Inc. v. Sun Earth Solar Power Co.</u>, 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc). An "exceptional" case is one that "stands out from others" with respect to either the "substantive strength of a party's litigating position" or the

MINUTE ORDER AND TAXATION OF COSTS - 1

"unreasonable manner in which the case was litigated." *Id.* at 1180 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014)). The Supreme Court has not adopted any "precise rule or formula for making these determinations," and has instructed that "equitable discretion" should be exercised "in light of the considerations [it has] identified." *Octane*, 572 U.S. at 554. Those considerations, which must be viewed in the "totality of the circumstances," include the following, nonexclusive factors: frivolousness, motivation, objective unreasonableness in the factual and/or legal components of the case, and the need to advance considerations of compensation and deterrence. *SunEarth*, 839 F.3d at 1180-81. In this consolidated action, the parties asserted numerous claims against each other, but for purposes of the pending motion for attorney fees, the only claim of relevance is the one for false advertising asserted under the Lanham Act by wedi Corporation ("wedi") against Brian Wright, Hydro-Blok, and H-International. Sound Product was not named as a defendant with respect to the false advertising claim, and thus, it cannot be considered a "prevailing party" that is eligible for attorney fees under the Lanham Act. Although the Court granted summary judgment against wedi and dismissed its false advertising claim with prejudice, *see* Order at 9-22 (docket no. 260), the Court does not view wedi's claim as exceptionally weak, frivolous, or objectively unreasonable. Indeed, when wedi moved for reconsideration on the subject, the Court was uncertain enough about whether it had reached the right result that it called for a response and permitted wedi to file a reply. *See* Minute Order at ¶ 1 (docket no. 263). The annals of trademark jurisprudence are filled with opinions informing litigants that what they believed was false advertising was instead mere puffery or otherwise not actionable, and a number of the advertising statements that wedi challenged in this case were within the spectrum of matters worthy of debate. The Court also does not consider wedi's litigation behavior to have been exceptionally unreasonable. Brian Wright, Hydro-Blok, and H-International (collectively, "defendants") accuse wedi of being improperly motivated by a desire to drive them out of business, but this case does not involve typical competitors; before defendants began selling their bathroom system products, Brian Wright served as a regional sales agent for wedi, and wedi's aggressive approach must be viewed in light of its reasonable suspicion that defendants were misusing wedi's confidential materials to compete with it. Defendants also catalogue a variety of actions taken or not taken by wedi that allegedly constitute misconduct, many of which involve matters other than the Lanham Act claim, but despite defendants' request during the course of this action, the Court never sanctioned wedi, *see* Minute Order at ¶ 3 (docket no. 233); *see also* Minute Order at ¶ 1(g) (docket no. 181), and wedi's tactics do not stand out when compared with the litigation conduct in which parties with similar types of claims routinely engage. Attorney fees would be unnecessarily punitive, and based on the "totality of the circumstances," the Court, exercising its "significant [equitable] discretion," finds that this case is not "exceptional" within the meaning of the Lanham Act. *See SunEarth, Inc. v. Sun Earth Solar Power Co.*, 2017 WL 9471951 at *1 (N.D. Cal. July 19, 2017).

(2) Defendants' motion to tax costs, docket no. 301, is GRANTED in part and DENIED in part as follows:

|  | Requested | Disallowed | Allowed |
|---|---|---|---|
| Filing Fee | $400.00 | $400.00 | $0.00 |
| Service of Subpoena on Emser Tile | $365.00 | $365.00 | $0.00 |
| Transcripts of Hearings | $348.95 | $334.55 | $14.40 |
| Transcripts of Depositions | $8,115.00 | $7,303.50 | $811.50 |
| Synchronized Video Recording of Depositions | $5,031.25 | withdrawn | $0.00 |
| Printing Costs | $647.15 | $647.15 | $0.00 |
| Shipping Costs | $199.29 | $133.73 | $65.56 |
| Messenger Fees | $68.00 | $44.00 | $24.00 |
| Certified Translation Fees | $968.00 | withdrawn | $0.00 |
| TOTAL | $16,142.64 | $15,227.18 | $915.46 |

The filing fee is disallowed because it does not relate to any claim asserted by defendants on which they prevailed. The subpoena service fees are disallowed because defendants provided no explanation for such costs. The telephonic hearings held on July 14, 2015, and October 25, 2019, did not concern wedi's Lanham Act claim, and thus, the transcript fees associated with those hearings are disallowed, but defendants may recover the cost of the transcript of the telephone conference conducted on December 5, 2019, which was "necessarily obtained" to respond to wedi's subsequent motion to amend judgment. See 28 U.S.C. § 1920(2). Defendants are awarded 10% of the requested deposition transcript expenses, which represents the approximate proportion that wedi's Lanham Act claim bore to all of its claims. Defendants have failed to provide any other basis for allocating the costs relating to deposition transcripts. All of the printing costs were incurred after the Lanham Act claim had been dismissed, and most of the shipping expenses correspond to the period during which the parties were arbitrating non-Lanham Act matters. With regard to the $41.12 charge for sending materials via Federal Express to Robert Half Legal, a staffing agency, defendants have offered no basis for seeking such amount. Messenger fees for the time between October 11, 2018, when defendants filed their

MINUTE ORDER AND TAXATION OF COSTS - 3

1 motion for summary judgment seeking *inter alia* to dismiss the Lanham Act claim, and September 19, 2019, when wedi's motion for reconsideration of the Court's ruling
2 dismissing such claim was denied, have been allowed.

3     (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of April, 2020.

                                     William M. McCool
                                     Clerk

                                     s/Karen Dews
                                     Deputy Clerk