# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

WEDI CORP.,

        Plaintiff,

v.

BRIAN WRIGHT, et al.,

        Defendants.

C15-671 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    wedi Corp.'s motion, docket no. 341, for reconsideration of the Minute Order entered May 18, 2021, docket no. 340, is DENIED. In reversing in minimal part this Court's grant of summary judgment against wedi Corp. ("wedi") on its false advertising claims, the United States Court of Appeals for the Ninth Circuit reasoned that wedi's "evidence" that the International Code Council - Evaluation Service ("ICC-ES") "did not request product samples . . . to test, but rather relied upon IAPMO's tests" created a material question of fact as to whether the statement "Hydro-Blok Products are ICC-ES Tested and Certified" was false. See Mem. Dispo. at 4-5 (docket no. 335). Nothing in the Ninth Circuit's decision suggested that wedi should be permitted on remand to engage in discovery that should have been completed before this Court ruled on the dispositive motion that was the subject of appellate review. Moreover, wedi makes no showing that discovery must be reopened for it to obtain the information it wants. To the extent that wedi previously propounded discovery requests to defendants regarding their financial information, defendants have a continuing obligation to update their responses. See Fed. R. Civ. P. 26(e)(1). To the extent that wedi seeks explanations from ICC-ES about its testing procedures, wedi makes no showing that formal discovery is required. Indeed, Exhibit 2 to wedi's counsel's declaration, docket no. 342, indicates

MINUTE ORDER - 1

that the ICC-ES is willing to provide answers to questions informally via email. Given the ICC-ES's response, stating that it has "the right to take a sample off the production line" or from "the store floor" for testing, Ex. 2 To Becka Decl. (docket no. 342), wedi fails to demonstrate that further discovery from defendants would tend to prove one way or the other whether ICC-ES tested the Hydro-Blok Products. Finally, wedi's request for an opportunity to identify additional expert witnesses constitutes an improper attempt to circumvent the Court's prior ruling that only experts properly "disclosed" on or before November 13, 2018, will be permitted to testify at trial. *See* Minute Order at ¶¶ 1(a) & (b) (docket no. 230).

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of June, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2