UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WEDI CORP., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN WRIGHT; HYDRO-BLOK USA LLC; and HYDROBLOK INTERNATIONAL LTD., <br><br> Defendants. | C15-671 TSZ <br><br> ORDER |
| SOUND PRODUCT SALES L.L.C., <br><br> Counterclaimant, <br><br> v. <br><br> WEDI CORP., <br><br> Counter-Defendant. | |

This matter comes before the Court on a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), docket no. 360, brought by plaintiff wedi Corp. ("wedi"). Having reviewed all papers filed in support of, and in opposition to, the motion, and being well acquainted with the record in this matter, the Court enters the following Order.

**Discussion**

wedi asserted a variety of claims against Brian Wright, Sound Product Sales L.L.C. ("Sound Product"), Hydro-Blok USA LLC ("Hydro-Blok"), and Hydroblok

ORDER - 1

International Ltd. ("H-International"). Some of these claims were resolved in arbitration. *See* Award (docket no. 101-3); Order (docket no. 128); Partial Judgment (docket no. 129). Other claims, including wedi's false advertising claims under the Lanham Act and Washington's Consumer Protection Act ("CPA"), as well as wedi's abuse-of-process claims, were dismissed by the Court during motion practice. *See* Orders (docket nos. 152 & 260). The remaining claims were dismissed with prejudice and without costs as a result of the parties' settlement. *See* Order (docket no. 295). Under the terms of the parties' settlement, wedi retained the right to appeal the Court's rulings concerning its Lanham Act and CPA claims. *See id.* at 2 n.1. Thus, with regard to the Lanham Act and CPA claims, as well as the abuse-of-process claims, which had been addressed in the same order, the Court entered a partial judgment against wedi, docket no. 296, and awarded costs in the amount of $2,538.46 to Mr. Wright, Sound Product, Hydro-Blok, and H-International, *see* Minute Order Revising Taxation of Costs (docket no. 328).

The United States Court of Appeals for the Ninth Circuit affirmed all but one of the Court's summary judgment rulings. *See* Memo. (docket no. 335). The Ninth Circuit, however, held that a material question of fact existed as to wedi's claim of false advertising premised on the statement that the products at issue are "ICC-ES[1] Tested and Certified." *See id.* at 2, 4-5. Because the partial judgment was reversed in part, the award of costs was vacated. *Id.* at 5 n.4. On remand, wedi unsuccessfully sought to amend its operative pleading, engage in further discovery, and reopen dispositive motion

---

[1] ICC-ES is an acronym for International Code Council - Evaluation Service.

ORDER - 2

1  practice.  See Minute Order at 1 n.1 (docket no. 340); Minute Order at ¶ 1 (docket

2  no. 345); Minute Order at ¶ 2 (docket no. 358).  A few weeks before the trial date, wedi

3  filed the pending Rule 41(a)(2) motion, seeking voluntary dismissal of its Lanham Act

4  and CPA claims with prejudice and without attorney fees or costs, except for

5  reinstatement of the costs previously awarded.  In response, Mr. Wright, Sound Product,

6  Hydro-Blok, and H-International contend that they should be given an opportunity to

7  seek attorney fees and costs.  The Court disagrees as to attorney fees, but agrees as to

8  costs.

9        The Court has already ruled that attorney fees are not available under the CPA to

10  prevailing defendants.  See Minute Order at ¶ 1(a) (docket no. 300).  The Court has also

11  concluded that this case is not "exceptional" within the meaning of the Lanham Act, 15

12  U.S.C. § 1117(a), for purposes of awarding attorney fees.  See Minute Order at ¶ 1

13  (docket no. 327).  Neither of these decisions were challenged on appeal, and they are now

14  law of the case.  wedi having prevailed in small part before the Ninth Circuit, the Court

15  rejects any notion that wedi's conduct in seeking review transformed this case into an

16  "exceptional" one.  And, while wedi was perhaps slow to understand that its remaining

17  claims were weak and that it was unlikely to realize a net gain over the expenses of trial,

18  the Court does not find wedi's post-remand behavior to be exceptionally unreasonable or

19  outside the norm of similar litigation.  Thus, Mr. Wright, Sound Product, Hydro-Blok,

20  and H-International will not be heard to assert any entitlement to attorney fees.

21        As prevailing parties, however, Mr. Wright, Sound Product, Hydro-Blok, and

22  H-International may tax costs on appeal and remand in the manner set forth in Local

23

ORDER - 3

Civil Rule 54(d).  wedi's motion for voluntary dismissal, docket no. 360, is therefore GRANTED in part and DENIED in part.  wedi's remaining claims are DISMISSED with prejudice and without attorney fees.  The costs previously awarded against wedi are hereby REINSTATED and they shall bear interest at the rate set forth in 28 U.S.C. § 1961 from the date of the original partial judgment, December 6, 2019, until paid in full.  See *Friend v. Kolodzieczak*, 72 F.3d 1386, 1391-92 (9th Cir. 1995) (observing that post-judgment interest applies to awards of costs and runs from the date that entitlement was secured, rather than from the date that the exact quantity was set).  The Clerk is DIRECTED to enter judgment consistent with this Order, the Order entered June 18, 2019, docket no. 260, and the Minute Orders entered July 10, 2019, docket no. 263, and September 19, 2019, docket no. 266.  The Clerk is further DIRECTED to send a copy of this Order and the Judgment to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 23rd day of September, 2021.

Thomas S. Zilly
United States District Judge

ORDER - 4